**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DIMITRI LIPARTELIANI,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF OF GREENE COUNTY JAIL, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03447-MBB-P |

**ORDER**

Before the Court is Petitioner Dimitri Liparteliani's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Petitioner argues that his continued detention by U.S. Immigration and Customs Enforcement ("ICE") without an individualized bond hearing violates due process. He asks the Court to order a bond hearing or release him from ICE custody. Petitioner also filed an emergency motion seeking the same relief or expedited consideration of his petition. Doc. 2. Because Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A), and because his continued detention pending removal proceedings does not violate due process, the petition is DENIED.

**Background**

Petitioner is a native and citizen of Georgia who is detained by ICE at the Greene County Jail in Springfield, Missouri, pending immigration proceedings. Doc. 1-1 at 2. Petitioner entered the United States near Otay Mesa, California, on or about February 27, 2024, and presented himself to United States Customs and Border Protection. *Id*. at 4. On February 28, 2024, the Department of Homeland Security served Petitioner with a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) because he was present in the United States without having been admitted or paroled. *Id*. Petitioner admits the factual allegations in the Notice to Appear and concedes that he is removable. *Id*. at 4-5.

Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. *Id*. at 5. His removal proceedings remain pending before the Kansas City Immigration Court, and he alleges that no future hearing is currently scheduled. *Id*. Petitioner remained on the non-detained immigration docket until ICE took him into custody on July 18, 2026. *Id*. at 6.

Petitioner alleges that his arrest followed a dispute with a locksmith while he was near Branson, Missouri. *Id*. at 6-7. According to Petitioner, local police responded to the dispute, checked his immigration status, and contacted ICE. *Id*. at 7. Petitioner states that no criminal charges arose from the incident. *Id*.

On July 29, 2026, Petitioner filed this § 2241 petition challenging his continued immigration detention without an individualized bond hearing. Doc. 1. Petitioner argues that his detention violates due process because he is not a danger to the community or a flight risk and less restrictive alternatives would adequately protect the Government's interests. Docs. 1 at 6-8; 1-1 at 11-14. He also argues that his detention is indefinite or unreasonably prolonged because his removal proceedings have been pending for more than two years and no future hearing is scheduled. Docs. 1 at 7; 1-1 at 12. Finally, Petitioner alleges that his detention threatens his business and impairs his ability to prepare his claims for relief from removal. Docs. 1 at 8; 1-1 at 2-3, 11-12. He asks the Court to order an individualized bond hearing, release him under reasonable conditions of supervision, or hold this case in abeyance pending further guidance from the Supreme Court. Doc. 1-1 at 14.

The Government responds that Petitioner is not entitled to habeas relief because his detention pending removal proceedings is mandatory under § 1225(b)(2)(A). Doc. 5 at 1-3. According to the Government, Petitioner is present in the United States without having been admitted or paroled and is therefore subject to mandatory detention as an applicant for admission. *Id*. at 3. The Government argues that, under *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), § 1225(b)(2)(A) requires Petitioner's detention during his removal proceedings and does not entitle him to a bond hearing. Doc. 5 at 2-3. The Government further argues that Petitioner's detention does not violate procedural or substantive due process. *Id*. at 3-9.

In his reply, Petitioner opposes dismissal of his petition. Doc. 9. He argues that the Government improperly characterizes his procedural due process claim as a substantive due process claim and relies too heavily on *Avila* without addressing contrary decisions from other circuits. *Id*. at 2-5. Petitioner also maintains that the Government fails to address his arguments regarding the length and purpose of his detention, the availability of less restrictive alternatives, and the harm caused by his continued detention. *Id*. at 5-7.

## Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that § 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); *see also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. *Avila* supports the Government's position that § 1225(b)(2)(A) governs Petitioner's detention. Petitioner's pending application for relief from removal does not change that conclusion, and his mandatory detention pending removal proceedings is not contrary to procedural or substantive due process.

### I. Petitioner is properly detained under § 1225(b)(2)(A).

Two statutory provisions provide for detention of aliens pending removal proceedings: INA § 235(b), codified at 8 U.S.C. § 1225(b); and INA § 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If the alien is detained, the Attorney General may continue to detain him or release him on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

Petitioner is properly detained under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." *See* 8 U.S.C. § 1225(b)(2)(A). No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id.* Petitioner's presence in the United States for more than two years and his pending application for relief from removal do not require that his detention be considered under a different statute.

### A. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila*, 170 F.4th at 1133. "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). "An alien who is paroled . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

Petitioner alleges that he presented himself to immigration officials after arriving at the United States-Mexico border, but he does not allege that he was lawfully admitted. Doc. 1-1 at 4. Instead, he admits that the Government charged him as removable because he was present in the United States without having been admitted or paroled, and he states that he conceded that charge. *Id*. at 4-5. Petitioner's employment authorization, Social Security number, driver's license, business interests, and pending application for asylum do not establish that he was admitted into the United States. *See Sanchez*, 593 U.S. at 415. On this record, Petitioner has not shown that he has "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. He is therefore an "applicant for admission" under § 1225(b)(2)(A).

### B. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop years later, arrested him, initiated removal proceedings, and held him without bond under § 1225(b)(2)(A). *Id.* The Eighth Circuit held that § 1225(b)(2)(A) authorized the petitioner's detention without bond. The Eighth Circuit further states that "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner is present in the United States and concedes that he has not been admitted or paroled. Doc. 1-1 at 4-5. He is therefore "seeking admission" under § 1225(b)(2)(A). The fact that Petitioner presented himself to immigration officials, was permitted to remain in the United States while his application for relief was pending, and was not taken into custody until July 2026 does not distinguish his case from *Avila* in a way that permits this Court to apply § 1226(a).

Petitioner emphasizes that other circuits have reached a different interpretation of the statutory scheme and that a petition for a writ of certiorari concerning that disagreement is pending before the Supreme Court. Doc. 9 at 4-5. However, the existence of contrary authority in other circuits does not permit this Court to disregard controlling Eighth Circuit precedent.

**C. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."**

Petitioner does not allege, and the record does not show, that any immigration officer has determined that he is entitled to admission. Although Petitioner has applied for asylum, withholding of removal, and protection under the Convention Against Torture, those applications remain pending. Doc. 1-1 at 5-6. A pending application for relief from removal does not establish that Petitioner is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Section 1225(b)(2)(A) therefore permits the Government to detain him without bond while his removal proceedings remain pending. Petitioner's statutory claim fails.

**II. Petitioner's continued detention does not violate due process because the legislative scheme permits it.**

Petitioner argues that his continued detention violates due process because no neutral decisionmaker has determined that he is a flight risk or danger to the community. Docs. 1-1 at 8, 11-14; 9 at 2-4. He emphasizes that he has no criminal record, has complied with his immigration proceedings, has a pending asylum application, and has family, business, and community ties. Doc. 1-1 at 11-14. But under controlling law, those circumstances do not show that due process requires his immediate release or a bond hearing while he is detained under § 1225(b)(2)(A) pending removal proceedings.

Removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th

at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.* (quoting *Demore*, 538 U.S. at 527).

Petitioner is properly detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner does not allege that his removal proceedings have concluded, and he presents no evidence that the Government is detaining him for any reason other than his pending removal proceedings. Docs. 1 at 2, 6-8; 1-1 at 5-6. Because § 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more. *See Banyee*, 115 F.4th at 932.

Petitioner argues that an individualized hearing would establish that he is not dangerous or a flight risk. But those facts do not affect whether § 1225(b)(2)(A) requires his detention. "[D]ue process does not require the opportunity to prove a fact that is not material to the State's statutory scheme." *Connecticut Dep't of Public Safety v. Doe*, 538 U.S. 1, 4 (2003). Congress required detention based on Petitioner's status as an applicant for admission who is not clearly and beyond a doubt entitled to be admitted, not on an individualized determination of dangerousness or flight risk. *See* 8 U.S.C. § 1225(b)(2)(A). A hearing concerning those factors would not alter the statutory basis for Petitioner's detention. His procedural due process claim therefore fails.

Additionally, any substantive due process claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. Removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring his availability for removal if so ordered. *See Demore*, 538 U.S. at 528.

Petitioner argues that his detention is prolonged or effectively indefinite because his removal proceedings have been pending for more than two years and no future hearing is currently scheduled. Docs. 1 at 7; 1-1 at 12; 9 at 5-6. But Petitioner was not detained during most of that period. He alleges that ICE took him into custody on July 18, 2026, less than two weeks before he filed this petition. Doc. 1-1 at 6. The length of his removal proceedings is therefore not the length of his detention. Moreover, the absence of a presently scheduled hearing does not establish that

his removal proceedings will never conclude or that his removal is no longer reasonably foreseeable.

Nothing in the record suggests that Petitioner's removal is no longer realistically possible, that the Government is detaining him for a purpose unrelated to removal, or that the Government has acted in bad faith to prolong his removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). Detention under § 1225(b) ends when removal proceedings end. *Id.* On this record, Petitioner has not shown that his continued detention violates due process.

Petitioner's allegations regarding his business, family obligations, and ability to prepare his application for relief from removal do not change that conclusion. The Court does not minimize the financial and practical consequences of Petitioner's detention. But those consequences do not establish that his detention violates the Constitution or federal law. Petitioner does not allege that he has been denied notice of the charges against him, access to his immigration counsel, or an opportunity to present his claims for relief in his removal proceedings. His contention that detention makes it more difficult to operate his business and gather evidence does not establish that he is entitled to release or a bond hearing under § 2241.

Petitioner asks the Court, in the alternative, to hold this case in abeyance pending the Supreme Court's decision in *Genalo v. Black*, No. 25-886. Doc. 1-1 at 10, 14. According to Petitioner, *Genalo* concerns whether detention under § 1226(c) may become unreasonably prolonged such that due process requires a bond hearing. *Id*. at 10. Petitioner, however, is detained under § 1225(b)(2)(A), and his detention began only on July 18, 2026. The possibility that the Supreme Court may clarify the constitutional limits applicable to prolonged detention under a different statutory provision does not justify staying this case. Moreover, *Banyee* and *Avila* remain binding authority unless and until they are overruled. Petitioner's request to hold this case in abeyance is denied.

Petitioner's individual circumstances may be relevant to his immigration proceedings or to any discretionary relief available from immigration authorities, but they do not establish that his current detention violates § 2241. The only question before this Court is whether Petitioner's current detention violates the Constitution or federal law. For the reasons explained above, Petitioner has not made that showing.

## Conclusion

Petitioner's continued detention is proper under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." His detention pending removal proceedings does not violate procedural or substantive due process. Accordingly, it is ORDERED that the Petition for a Writ of Habeas Corpus (Docs. 1, 1-1) is DENIED. Petitioner's Emergency Motion for Immediate Bond Hearing or Release, or in the Alternative, for Expedited Consideration of the Petition for Writ of Habeas Corpus (Doc. 2) is DENIED as moot to the extent it requests expedited briefing or consideration and is otherwise DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

Dated: September 8, 2026